PETITION OF THOMAS F. HOLLIDAY.

No. 11598.
Decided December 12, 1968.
448 P.2d 153.

Thomas F. Holliday pro se.

MEMO OPINION

PER CURIAM:

Thomas F. Holliday, an inmate of the state prison at Deer Lodge, Montana, appearing pro se, files with this Court a petition for writ of habeas corpus. Petitioner was sentenced

to a term of ten years in the district court of Yellowstone County, Montana, on February 1, 1968, following his plea of guilty to the crime of burglary.

The court file discloses that on December 6, 1967, an information was filed charging petitioner with the crime of burglary alleged to have been committed on December 3, 1967. Petitioner appeared before the court on December 6, was given a copy of the information and he informed the court he desired counsel and that he would obtain his own counsel. The arraignment was then continued until December 11, 1967.

On December 11, 1967, he appeared in court in company with one of his counsel, Russell Fillner, of the firm of Sandall, Moses and Cavan. A copy of the information was given defendant, he waived reading thereof, acknowledged receipt of copy, waived further time to enter a plea and pled not guilty. The trial date was set for January 3, 1968. His counsel made a motion for a separate trial which was taken under advisement.

On January 3, 1968, defendant appeared in court with his counsel, Mr. Fillner, who made a motion for permission to withdraw petitioner's former plea, which was granted by the court. The petitioner then entered a plea of guilty. The sentence was deferred by the court pending a pre-sentence investigation, petitioner was released on bond and further proceedings set for February 1, 1968.

On February 1, 1968, petitioner appeared in court with counsel, being Jerome Cate of the same firm of Sandall, Moses and Cavan. Mr. Cate in addressing the court on behalf of his client at one point stated: "While the circumstances indicate in this case, as the Court is aware, that there were a number of burglaries involved here, but he does not have a history, at least to my knowledge, of a life of crime." The court imposed the 10 year sentence.

Petitioner asserts that his rights have been violated in that he was not advised by his retained counsel on several matters, such as the penalty for the crime with which he was

charged; the difference between day-time and night-time burglary; possible defenses he might raise; the consequences of a plea of guilty; and because petitioner had never before been before a court of law he was ignorant of law and legal procedures and so did not enter his plea of guilty knowingly, intelligently and understandingly.

He also asserts that his plea of guilty was obtained by fraud, deceit and trickery in that his retained counsel advised him that if he went to trial he would receive a sentence of fifty years, and further, that if he pled guilty he would receive a suspended sentence or at most one year.

Petitioner hired his own counsel, the firm of Sandall, Moses and Cavan, a firm which for many years has been active in criminal defenses. Each and every member of that firm well knows that the maximum penalty for burglary under the statutes of Montana is fifteen years. (Section 94-903, R.C.M. 1947.) The words of his counsel just prior to the sentencing are particularly illuminating as to any likelihood of a suspended or minimum sentence. The record discloses that other charges, some of them even more serious, were in fact dismissed. The statement of counsel indicates knowledgeable, active defense work to their client's advantage. These assertions by petitioner are unworthy of belief.

Taking these statements for a starter and knowing what we do professionally of the character of these defense counsel and their vigorous defense of their clients, we must take as a grain of salt the other contentions of petitioner. This much is certain from the record, petitioner waited until the morning his trial was to commence and then changed his plea from not guilty to guilty.

We find no merit to petitioner's contentions and the writ sought is denied.